384 A.2d 1353

**COMMONWEALTH of Pennsylvania**

v.

**Sterling Franklin SPEELMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided April 13, 1978.

Gary E. Hartman, Assistant Public Defender, Gettysburg, for appellant.

Oscar F. Spicer, District Attorney, Gettysburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On January 29, 1976, a jury found appellant guilty on one count of driving while under the influence of intoxicating beverages, and on a second count of driving while his operating privileges were suspended. Appellant was sentenced on each count to 11½ to 23 months in prison, a fine of $100, and costs, the prison terms to be concurrent. On appeal he argues that since alcoholism is a disease, any prison sentence that does not include clinical or in-patient

medical care and therapy for the disease is cruel and unusual punishment.

A sentencing court has an obligation to consider the character of the defendant and the circumstances of the crime. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1975). Appellant acknowledges, indeed points out, that both the probation officer who prepared the pre-sentence report and the sentencing judge were familiar with him and his problem of alcoholism. The judge, in his memorandum opinion, stated that the sentence was severe because of appellant's previous driving record—nine convictions for driving while his operating privileges were suspended and two convictions for driving while under the influence of intoxicating beverages. Given these circumstances, we cannot say that the sentence, which was well within the maximum (three years' imprisonment and a fine of $500 on each count), represented an abuse of discretion.

Appellant argues that "substantially all of the violations for which he has been convicted involve, directly or peripherally, the use and abuse of alcohol." Brief for Appellant at 4. It is not evident, however, how the nine convictions for operating while under suspension "involve[d] . . . the use and abuse of alcohol." Perhaps appellant means that he was under suspension because he had earlier been convicted of driving while under the influence of intoxicating beverages. This, however, does not lessen the seriousness of appellant's record. Granted that it may be very difficult for an alcoholic to stop drinking; it does not follow that it is equally difficult for him to stop driving. In other words, his compulsion to drink arises from causes that do not compel him to drive. He is addicted to alcohol. He is not addicted to driving; he drives because he cannot, will not, use some other method of transportation, or get someone else to drive him.

Thus, on the basis of appellant's record the sentencing judge could conclude that appellant had no regard for his legal responsibility not to drive, and that the only way to

impress him with that responsibility was to imprison him. It therefore cannot be maintained that the judge was sentencing appellant for doing something that was the result of a "disease" (accepting, for the sake of discussion, appellant's characterization of alcoholism as a "disease").

It may well be that appellant would have a better chance of overcoming his alcoholism if he were required as a condition of probation to participate in a treatment program. It does not follow, however, that to sentence him to a prison where no treatment is offered represented cruel and unusual punishment. If he were sentenced to prison *to be treated, but no treatment were offered,* the sentence would at least be arbitrary, if not cruel and unusual; but as just discussed, it seems likely that he was sentenced to prison *to be punished, for his repeated defiance of the law.* Since in the circumstances the punishment does not appear disproportionate, *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); *cf. Commonwealth v. Martin, supra,* it will not be held cruel and unusual.

Affirmed.

VAN der VOORT, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.